**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CINDY ALEGRE; FRANK ALEGRE; MICHAEL ALEGRE; YOLANDA ALEGRE; CHRISTOPHER ALVARADO; ERIC ALVARADO; JACOB ALVARADO; JULIAN ALVARADO; MATTHEW ALVARADO; NICK ALVARADO; ROBERT ALVARADO; TAMMY ALVARADO; TIANI ALVARADO; TONY ALVARADO; VINCENT ALVARADO; KRISTY ANAYA; CARLOS BLANCO; ERNESTO BLANCO; JUAN BLANCO; RAY BLANCO; SYLVIA BLANCO; REMEDIOS BLANCO; THERESA BLANCO-MURILLO; VALERIE BOYLE; MELVIN CANNON; ANTHONY CHALOUX; NATHAN CHALOUX; SHONTA CHALOUX; APRIL CHAVEZ; LISA CHAVEZ; JULIAN CLAY; BRUCE ROY CLAY; ANDREA CONTRERAS; CHARLES CONTRERAS; MICHAEL CONTRERAS; PAUL CONTRERAS IV; RITA CONTRERAS; ROCHELLE CONTRERAS; ROSEANNE CONTRERA; RUDY CONTRERAS, Jr.; ERIK DELGADO; ROSE DELGADO; FELICIA DURKIN; SHIANNE ELAM; | No.   22-55070

D.C. No.
3:16-cv-02442-AJB-MSB

MEMORANDUM[*] |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

WYATT ELAM; RUBEN GONZALEZ, Jr.; JOHN HUGHES; JUAN LUCERO; VIRGIL LUCERO; AMBER MAJEL; ANGELINA MARTINEZ; HILARIO MARTINEZ; LINDA MARTINEZ-VANDERVERF; PAUL MARTINEZ; SARAH MENDOZA; JAMIE MILLER; JEFFREY MILLER; DANIEL MORALES, Jr.; FREDERICK MURILLO III; JOSEPH MURILLO; KIM MURILLO; PAUL V. MURILLO; THOMAS MURILLO; BEATRICE OCHOA; ROBERT OCHOA; THERESA OCHOA; YOLANDA OCHOA; LENA ORTEGA; LEVON PALMER; ANDRE PEART; CELESTE PEART; DENISE PEART; EVETTE PEART; JAMIE PEART; JON RENEE PEART; RITA PEART; SARAH PEART; TISHA PEART; TONYA PEART; ANITA PEREZ; DOMINIQUE PEREZ; JERMAINE PEREZ; ORTHIUS PEREZ; BRIDGETTE VILLALOBOS; CATHI VILLALOBOS-CAMERON; CORRINE VILLALOBOS-BIGGS; JELENA VILLALOBOS-BRYAN; JESUS VILLALOBOS; JOSEPH VILLALOBOS; PETER VILLALOBOS; SHAUN VILLALOBOS; GERARD VILLALPANDO; RUBY ZWICKER,

       Plaintiffs-Appellants,

 v.

SALLY JEWELL, Secretary of the Department of Interior, United States of

2

America, in her official capacity;
LAWRENCE ROBERTS, Assistant
Secretary of the Department of Interior -
Indian Affairs, United States of America,
in his official capacity; MICHAEL
BLACK, Director of the Bureau of Indian
Affairs of Department of Interior - United
States of America, in his official capacity;
UNITED STATES OF AMERICA; U.S.
DEPARTMENT OF THE INTERIOR;
DOES, 1 through 25,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted February 7, 2023
Pasadena, California

Before: BOGGS,[**] IKUTA, and DESAI, Circuit Judges.

Certain descendants of enrolled members of the San Pasqual Band

(collectively, Plaintiffs) appeal the district court's grant of summary judgment in

favor of the Bureau of Indian Affairs (BIA). The district court held that Plaintiffs'

claims were barred by the statute of limitations. 28 U.S.C. § 2401(a). We have

jurisdiction under 28 U.S.C. § 1291.

---

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiffs brought claims under the Administrative Procedure Act (APA), 5 U.S.C. §§ 551–559, to compel the BIA to reconsider their applications for enrollment in the San Pasqual Band.  Plaintiffs' fourth amended complaint is based on events in 2005, when: (1) The Band's enrollment committee made a formal request for the BIA to correct the recorded blood degree of Modesta Martinez Contreras (Modesta Contreras) to 4/4 degree Indian blood; and (2) Plaintiffs submitted 150 applications for enrollment from Modesta Contreras's descendants, whose eligibility for enrollment depended on whether the BIA corrected her blood degree.  In a letter dated April 7, 2006, Michael Olsen, the Acting Principal Deputy Assistant Secretary of the Interior, exercising authority delegated by the Secretary of the Interior, denied the request to correct Modesta Contreras's blood degree, and stated that the decision was "final for the Department [of the Interior]" (the Olsen letter).  On April 21, 2006, the BIA returned the 150 applications to the tribal enrollment committee as affected by the blood-degree decision. In 2014, Plaintiffs requested information regarding the status of their enrollment applications and after taking other procedural steps, Plaintiffs filed this action on September 28, 2016.

The parties agree that the six-year statute of limitations for claims under the APA applies.  *See* 28 U.S.C. § 2401(a).  Section 2401(a) provides that an action

against the government is barred "unless the complaint is filed within six years after the right of action first accrues." *Id.* The parties also agree that the discovery rule applies in this case, meaning that Plaintiffs' claims accrued when they "discover[ed], or in the exercise of reasonable diligence should have discovered, the injury and its cause." *Tunac v. United States*, 897 F.3d 1197, 1206 (9th Cir. 2018) (applying the discovery rule to determine when a claim accrued for purposes of the statute of limitations in 28 U.S.C. § 2401(b)) (cleaned up); *cf. Shiny Rock Min. Corp. v. United States*, 906 F.2d 1362, 1364–65 (9th Cir. 1990) (holding that a claim accrued when a plaintiff had constructive notice of government action for purposes of the statute of limitations in 28 U.S.C. § 2401(a)).

The parties disagree, however, as to when Plaintiffs' claims accrued. The BIA argues that the blood-degree decision issued on April 7, 2006, was final and judicially reviewable when issued, and that Plaintiffs reasonably should have discovered that the decision made them ineligible for enrollment at some date well before September 28, 2010. Therefore, the BIA argues that Plaintiffs' claims accrued well before September 28, 2010, and the limitations period expired well before Plaintiffs filed their complaint.

Plaintiffs disagree, arguing that the limitations period did not expire before they filed their complaint for a wide range of reasons, including because their

claims did not accrue until mid-2015, after they first received notice of the status of their enrollment applications in 2014, and had an opportunity to exhaust administrative remedies. Alternatively, Plaintiffs argue that the limitations period should be tolled for various equitable reasons.

In addressing the parties' arguments, the district court did not make adequate findings regarding when Plaintiffs' claims accrued. The district court held that "Plaintiffs have adequately alleged they lacked actual notice of the final agency action" indicating that the discovery rule applied. But the district court failed to make a clear finding regarding when Plaintiffs discovered or reasonably should have discovered the final agency action. Instead, the district court held that "Plaintiffs should have reasonably known that their applications had not been approved well before the statute of limitations expired" without identifying the date when Plaintiffs should have discovered this non-approval. The district court then agreed with the BIA that "Plaintiffs should have known or could reasonably have discovered within six years of April 7, 2006, of the denial to increase Ms. Contreras'[s] blood degree and enroll Plaintiffs in the Band." This could suggest that Plaintiffs' claims accrued on April 7, 2012 (six years after April 7, 2006), which would mean that the limitations period did not expire until April 7, 2018 (after Plaintiffs had filed their complaint). But such a finding would be

6

inconsistent with the district court's statement that it found "the statute of limitations on Plaintiffs' claim began to run on or around May 7, 2006, thirty days after the April 7, 2006[,] letter was issued." The district court appears to have based that finding on when the time to appeal the BIA's decision had expired, without holding that the Plaintiffs should have discovered their injury by that date.

Moreover, the district court considered only the denial of the request to correct the blood degree on April 7, 2006, and failed to clarify whether the BIA's "final agency action" or actions included the subsequent return of Plaintiffs' enrollment applications to the enrollment committee on April 21, 2006. This distinction could be significant, because unlike the Olsen letter, which was made on behalf of the Secretary and thus not subject to appeal, *see* 25 C.F.R. § 2.6(c), it is less certain whether Plaintiffs needed opportunities to exhaust administrative remedies before the return of their enrollment applications was considered a final agency action, *see Darby v. Cisneros*, 509 U.S. 137, 146 (1993); *see also* 25 C.F.R. §§ 2.6 (Finality of decisions), 2.7 (Notice of administrative decision or action).

Because the district court did not clearly identify a final agency action or actions, and also failed to make a finding as to when Plaintiffs discovered, or in the exercise of reasonable diligence should have discovered, that they had been injured, we are unable to determine when any of Plaintiffs' causes of action

7

accrued. We reject the BIA's argument that we can make such a determination on appeal as a matter of law. When "the accrual of the statute of limitations in part turns on what a reasonable person should have known" the issue is a "mixed question of law and fact" which we review for clear error. *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008) (citing *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990)). In the absence of sufficient factual findings by the district court, we are unable to determine whether the district court erred in dismissing Plaintiffs' action as barred by the statute of limitations.

Therefore, we vacate the district court's judgment and remand for further proceedings consistent with this disposition. In particular, the district court should identify the final agency action or actions and make a specific finding as to when Plaintiffs discovered, or in the exercise of reasonable diligence should have discovered, the final agency action or actions. In light of this disposition, we do not address Plaintiffs' remaining arguments. We also deny Plaintiffs' motion to strike as moot. (Dkt. 29).

**VACATED, REVERSED, AND REMANDED.**[1]

---

[1] Each party will bear its own costs on appeal.